UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: KLAMATH RIVER BASIN LITIGATION　　　　　　　　　　　MDL No. 3048

ORDER DENYING TRANSFER

**Before the Panel**:[*]  Plaintiff in the District of Oregon *Klamath Irrigation District* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Oregon or, alternatively, in the District of Nevada or the District of New Mexico.  This litigation consists of two actions pending in the Northern District of California and five actions pending in the District of Oregon, as listed on Schedule A.  The Federal Parties,[1] the Yurok Tribe,[2] the Klamath Tribes,[3] and the Oregon Water Resources Department[4] oppose centralization.  Alternatively, they variously suggest either the Northern District of California or the District of Oregon as the transferee district.  Defendant in *Klamath Drainage District* does not oppose centralization generally, but opposes inclusion of *Klamath Drainage District* in any MDL.  Klamath Water Users Association (KWUA), an intervenor-defendant in several actions, also does not oppose centralization, but argues that any MDL should include the various crossclaims and counterclaims in the actions involving KWUA.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These seven actions involve different aspects of the operation of the Klamath Project, a federal reclamation project that provides water for irrigation in southern Oregon

---

[*] Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez did not participate in the decision of this matter.

[1] The Federal Parties include: the United States Bureau of Reclamation; the National Marine Fisheries Service; the United States Fish and Wildlife Service; and the United States of America.  The United States is the plaintiff in two actions pending in the District of Oregon; the other federal parties are defendants in various actions.

[2] For purposes of this decision, the Yurok Tribe consists of plaintiffs in the two actions pending in the Northern District of California: the Yurok Tribe; the Pacific Coast Federation of Fishermen's Associations; and the Institute for Fisheries Resources.

[3] The Klamath Tribes are plaintiffs in two actions pending in the District of Oregon and an intervenor in one of the California actions.

[4] The Oregon Water Resources Department (OWRD) is a defendant, cross-claim defendant, or an intervenor-defendant in three actions.

- 2 -

and northern California, and in particular releases of water from Upper Klamath Lake in Oregon to the Klamath River downstream of the Project. One action is brought on behalf of the Yurok Tribe seeking to protect endangered salmon that live or spawn in the Klamath River. Another is brought by the Yurok Tribe seeking the release of water for the Tribe's Boat Dance ceremony. The Klamath Tribes bring two actions seeking to protect the Lost River and shortnose suckers, endangered species of fish that live in Upper Klamath Basin and nearby waters. Movant sues the Bureau of Reclamation seeking to protect its alleged rights to water from the Project for agricultural purposes and to assert the water rights as determined by the OWRD in an Oregon state proceeding known as the Klamath Basin Adjudication. The United States, in turn, seeks a declaration that, *inter alia*, its obligations under the Endangered Species Act, 16 U.S.C. § 1531–44, supersede the water rights of agricultural interests. The United States also sues Klamath Drainage District for breach of contract based on water releases used for agricultural purposes. While these actions involve the same bodies of water and many of the same parties, the differences are striking.

More importantly, these actions will not entail significant discovery or particularly complex pretrial proceedings. These actions primarily involve legal questions, in particular the determination of the Bureau of Reclamation's obligations under the Endangered Species Act to protect certain species of fish in Upper Klamath Lake and the Klamath River; the Bureau's obligations to release water for tribal religious ceremonies; and the Bureau's obligation under the Reclamation Act, 43 U.S.C. § 383, to abide by the OWRD's declaration of water rights in the Klamath Basin Adjudication. Many, if not most, of the actions will be decided on an administrative record, such that discovery will be minimal and summary judgment motion practice likely will resolve the parties' disputes. For this reason, centralization of record-review cases is often inappropriate. *See, e.g.*, *In re Clean Water Rule: Definition of "Waters of the United States*,*"* 140 F. Supp. 3d 1340, 1341 (J.P.M.L. 2015) (denying centralization of regulatory challenges that would be decided on the administrative record); *In re Lesser Prairie-Chicken Endangered Species Act Litig.*, 109 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (same).

Movant argues that centralization is necessary because of the potential for inconsistent rulings regarding a limited resource—the water in Upper Klamath Lake. This is a significant factor that can weigh in favor of centralization, and we have centralized other litigations involving federal management of rivers and dams. *See, e.g.*, *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351, 1352–53 (J.P.M.L. 2007) (centralizing four actions regarding the Army Corps of Engineers' operation of reservoir projects in the Apalachicola-Chattahoochee-Flint River Basin); *In re Operation of Missouri River Sys. Litig.*, 277 F. Supp. 2d 1378, 1378–79 (J.P.M.L. 2003) (centralizing six actions regarding the Corps' operation of its Missouri River dam and reservoir system). Notably, however, the federal agency potentially subject to conflicting court orders in those litigations supported centralization. In contrast, here the Federal Parties oppose centralization.

The procedural posture of this litigation also differs from those prior MDLs and weighs against centralization. Two actions have been stayed in their entirety, either to allow for settlement

discussions or pending decision of a first-filed action.[5]  The principal claims in another action (*Yurok II*, the first-filed action pending in the Northern District of California) also have been stayed to allow for consultation on long-term Project operations.  And movant's action, which involves a preliminary injunction motion that was removed from state court, has seen little activity since the court denied movant's remand motion and movant filed a mandamus petition with the Ninth Circuit.  Thus, roughly half of the actions are paused.

Moreover, summary judgment rulings in the active actions are expected in a relatively short time frame.  Specifically, in *Yurok II*, the parties have filed crossclaims and counterclaims relating to whether the Bureau of Reclamation's obligations under the Endangered Species Act and to satisfy tribal water rights preempt the water rights assigned by OWRD in the Klamath Basin Adjudication.  Summary judgment motions have been set for hearing in December and the court has indicated it intends to rule before the next irrigation season.  Similarly, in the two actions filed by the Klamath Tribes in the District of Oregon—which are being treated in a coordinated fashion—cross motions for summary judgment will be filed and briefed by early 2023.  In short, these actions already are being conducted in a coordinated fashion, such that many of the most important legal questions will be resolved in short order.  Centralization at this juncture would only delay these adjudications and increase the procedural complexity of an already complex litigation.  In this instance, therefore, it seems to us that these cases can be more effectively and efficiently advanced, and resolution achieved more quickly, without centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly           Dale A. Kimball
Madeline Cox Arleo

---

[5] A stipulation of dismissal, based on a settlement between the parties, recently was filed in the second California action (*Yurok III*).

**IN RE: KLAMATH RIVER BASIN LITIGATION**                               MDL No. 3048

## SCHEDULE A

<u>Northern District of California</u>

YUROK TRIBE, ET AL. v. U.S. BUREAU OF RECLAMATION, ET AL.,
  C.A. No. 3:19−04405
YUROK TRIBE, ET AL. v. U.S. BUREAU OF RECLAMATION, C.A. No. 3:20−05891

<u>District of Oregon</u>

KLAMATH IRRIGATION DISTRICT v. U.S. BUREAU OF RECLAMATION,
  C.A. No. 1:21−00504
KLAMATH TRIBES v. UNITED STATES BUREAU OF RECLAMATION,
  C.A. No. 1:21−00556
UNITED STATES OF AMERICA v. OREGON WATER RESOURCES
  DEPARTMENT, C.A. No. 1:21−01442
KLAMATH TRIBES v. UNITED STATES BUREAU OF RECLAMATION, ET AL.,
  C.A. No. 1:22−00680
UNITED STATES OF AMERICA v. KLAMATH DRAINAGE DISTRICT,
  C.A. No. 1:22−00962